**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE D. MCCLENDON,** | ) | Case No. 1:11 CV 1597 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND** |
| **CHALLENGE FINANCIAL INVESTORS** | ) | **ORDER OF REMAND** |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are two fully briefed motions:

• Plaintiff's Motion to Remand to State Court ("Remand Motion" or "Plaintiff's Motion") (**Doc #: 12**), and

• Motion to Dismiss The Second Amended Complaint filed by Defendant Hartford Fire Insurance Co. ("Hartford") and joined by Defendant Travelers Casualty & Surety Co. of America ("Travelers") ("Motion to Dismiss" or "Defendants' Motion") (Respectively, **Doc ##: 11, 24**).

Because, as will be shown below, the Court concludes that it lacked original federal subject matter jurisdiction over this case at the time of removal, the Court **GRANTS** Plaintiff's Motion and directs the Clerk of Court to **REMAND** the case to state court. Accordingly, Defendants' Motion to Dismiss remains pending.

**I.**

A review of the record reveals the following facts. This case was originally filed as a *pro se* action by Plaintiff Jacqueline D. McClendon in The Common Pleas Court for Lorain County, Ohio, on November 2, 2007. It was prosecuted by McClendon and her then-husband, Darrel

McClendon, for several years with several iterations against several groups of defendants. Although not a lawyer, Darrel first purported to serve as counsel for his then-wife. When it was pointed out that he was engaged in the unauthorized practice of law, he added himself as a named plaintiff. Darrel later asked to be severed from the case as a result of divorce proceedings, which request the court granted. This case has proceeded without him.

On May 12, 2009, Attorneys Thomas R. Theado, Jack Malicki and James Konchan entered an appearance on McClendon's behalf.

More than two years later, on June 27, 2011, McClendon's legal team filed a second amended class-action complaint. (Doc #: 1-1 ("Second Am. Comp.").) The only defendant who has remained a defendant throughout the various iterations of this case is Challenge Financial Investors Corp. ("Challenge"). In addition to Challenge, the Second Amended Complaint added as defendants Hartford Fire Insurance Co. ("Hartford"), Travelers Casualty and Surety Company of America ("Travelers"), and the Ohio Superintendent of Financial Institutions ("Ohio Superintendent"). (Id.) Challenge is a defunct mortgage broker; Hartford and Travelers are the bonding companies from which Challenge obtained its mortgage-broker surety bonds; and the Ohio Superintendent is a titular obligee on Challenge's bonds. (Id. at 4.)

As reflected in the original complaint, McClendon alleges that, in June 2007, Challenge served as her mortgage broker in connection with a $40,000 loan transaction secured by her property located at 14206 South Marks Road, Columbia Station, Ohio. By admission in a written plea agreement, McClendon used this address to maintain and operate a drug house in which she packaged heroin purchased in bulk from a Cleveland supplier, and from which she sold the heroin to a large number of customers. (Case No. 1:07CR214; Doc #: 35.) The

Government imposed, and McClendon agreed to pay, $40,000 in criminal forfeiture representing the proceeds of her criminal drug enterprise. Shortly after signing the plea agreement, McClendon sought and obtained a mortgage loan from Challenge. She used the mortgage proceeds to satisfy the $40,000 criminal forfeiture. It is this mortgage transaction that has given rise to her state law claims.

McClendon, who started out representing herself, now purports to represent the following class:

> All persons who, during the period from May 2, 2002 to the present, purchased services from Challenge Financial Investors Corp. relating to a mortgage loan on Ohio realty other than a business loan as described in R.C. 1343.02(B)(6).

(Second Am. Comp. ¶ 60.) On behalf of herself and the class, McClendon asserts a claim for monetary damages against Challenge for its failure to provide mortgage loan origination disclosure statements in compliance with the Ohio Mortgage Brokers Act, O.R.C. Chapter 1322 *et seq*. ("OMBA") (First Count); a claim for monetary damages against Hartford and Travelers, if liability is proven in the first instance against Challenge, based on the surety bonds they posted supporting Challenge's activities in Ohio (Second Count); and a claim for an order requiring the Ohio Superintendent to declare that Hartford and Travelers are liable on the surety bonds (Third Count).

On August 2, 2011, Hartford removed the case to federal court, asserting that the Court has original subject matter jurisdiction over the case based on the Class Action Fairness Act of 2005 ("CAFA"), Pub.No. 109-2 (119 Stat.) 4 (codified in scattered sections of 28 U.S.C.).

In short order, McClendon filed the pending motion seeking remand of the case to state court because, she argues, this federal court lacked jurisdiction over the subject matter of the

case at the time of removal. (Doc #: 12.) Hartford (joined by Travelers) filed the pending motion to dismiss, arguing that McClendon lacks standing to bring an OMBA claim on behalf of herself, let alone others, and her failure to articulate an injury requires dismissal for failure to state a claim. (Doc ##: 11, 24.)

The Court has reviewed both fully briefed motions and finds, for the reasons that follow, that it lacked subject matter jurisdiction over the case at the time of removal. Because the Court lacked subject matter jurisdiction over the case at the time of removal, the Court cannot rule on the motion to dismiss.

**II.**

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear the case." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) (quoting *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998)). "This is because the district courts of the United States are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (citation omitted). In considering whether remand is appropriate, "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction. Thus, in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of [the removal statute] should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (inner citation omitted); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (holding that all doubts regarding removal jurisdiction should be

resolved in favor of remand). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).

Hartford removed this case to federal court under 28 U.S.C. § 1441(a), which allows removal of civil actions "of which the district courts of the United States have original jurisdiction." In removing this case, Hartford asserts that the Court has original jurisdiction over the case under CAFA.

CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant . . .." 28 U.S.C. § 1332(d)(2)(A). The proposed class must include at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

Hartford's Notice of Removal establishes, and Plaintiff does not dispute, that two of the three prongs of CAFA jurisdiction are satisfied (i.e., the putative class exceeds 100 persons and the minimum CAFA diversity requirements are satisfied). (See Notice of Removal ¶¶ 7-8, 12-13.) Hartford further asserts that the case meets the third prong of CAFA (i.e., the jurisdictional threshold) based on the declaration of Chris Faoro, an employee of Nations Holding Company (a company that is working to preserve insurance coverage for Challenge), who declares that the total revenue Challenge generated from mortgage loans associated with realty in the State of Ohio for the purported class period is $9,021,538.[1] (Id. ¶ 10.)

---

[1] The compensatory damages sought by the class include all sums received by Challenge in its transactions with member of the putative class. (Notice of Removal ¶ 10.)

McClendon does not challenge the amount or the admissibility of Faoro's declaration because she cannot.[2] Rather, she contends that removal was improper because, prior to removal, she expressly disclaimed any award or combination of awards greater than $5,000,000:

> The entire matter in controversy in this action's class claims, as are asserted in the First, Second, and Third Counts, does not exceed the sum or value of $5,000,000 because (a) the named plaintiff, on behalf of herself and the Class, hereby <u>irrevocably disclaims any amount greater than $5,000,000</u> which may be awarded to the Class under the class claims brought in the First, Second and Third Counts, (b) the named plaintiff, on behalf of herself and the Class, hereby <u>irrevocably enters into an irrevocable stipulation of remittitur</u> such that, regardless of whatever amount may be awarded to the Class under the class claims brought in the First, Second, and Third Counts, all but $5,000,000 of such amount shall be remitted, and (c) the named plaintiff, on behalf of herself and the Class, hereby <u>irrevocably disclaims the operation of Ohio Rule of Civil Procedure 54(C)</u> to the extent such operation would permit or otherwise allow a recovery to the Class greater than $5,000,000 under the class claims brought in the First, Second, and Third Counts.

(Second Am. Comp. ¶ 9 (emphasis added).)

Given the parties' conflicting positions, the only question for the Court to decide is whether McClendon could properly avoid removal by limiting potential damages to an amount less than the CAFA threshold. There are only two reported Sixth Circuit cases, cited by both parties in support of their positions, which discuss the effect of pre-removal damage disclaimers on class action cases over which the federal courts would otherwise have CAFA jurisdiction.

---

[2] In a prior version of this action involving Challenge and other defendants that was removed to this court and assigned to then-district Judge Kathleen O'Malley, Judge O'Malley considered the admissibility of a declaration of Mr. Faoro that was nearly identical to the current declaration before me. Judge O'Malley concluded that Mr. Faoro's declaration was properly admissible and could be used by the court to consider the CAFA amount-in-controversy requirement. *See McClendon v. Challenge Fin. Investors Corp.*, 2009 WL 589245 (N.D. Ohio Mar. 9, 2009). The Sixth Circuit denied McClendon's petition for permission to review. (Case No. 1:908cv1189, Doc #: 68.) One week later, the parties filed a joint proposed stipulation of dismissal without prejudice, which Judge O'Malley granted. (Id., Doc ##: 69, 70.)

In *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401 (6th Cir. 2007), an automobile owner brought a breach of contract action in state court against his automobile insurer, alleging failure to cover post-repair loss of value to the vehicle. Initially, the plaintiff sought only individual relief. In an amended complaint, however, the plaintiff purported to represent a class of plaintiffs, stating with respect to damages:

> The total amount in controversy as to the Plaintiff and each member of the Proposed Class does not exceed [$74,999] each, exclusive of interest and costs. Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member. Plaintiff and the Proposed Class limit their total class wide claims to less than [$4,999,999].

505 F.3d at 403. The insurer removed the case to federal court, after which the plaintiff sought remand, and the district court granted the remand motion. The Sixth Circuit observed that, in determining the amount in controversy, the plaintiff is the "master of the complaint:"

> It is well established that the plaintiff is master of his complaint and can plead to avoid federal jurisdiction. Accordingly, subject to a "good faith" requirement in pleading, a plaintiff may sue for less than the amount he may be entitled to if he wishes to avoid federal jurisdiction and remain in state court.

505 F.3d at 407 (citing numerous cases) (inner quotation marks omitted). Furthermore, "[i]t is generally agreed in this circuit, that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Id.* The insurer had presented evidence of potential compensatory damages of $3,247,360, arguing that a modest 1:1 award of punitive damages could easily result in a damage award well in excess of $5,000,000. In rejecting this argument, the Sixth Circuit noted that it was unlikely plaintiff could recover punitive damages on a contract claim in Tennessee, and to decide

-7-

otherwise would require the court to completely discount Plaintiff's express disclaimer of punitive damages.

In *Freeman v. Blue Ridge Paper Prods., Inc*., 551 F.3d 405 (6th Cir. 2008), a class of landowners brought a state court nuisance action against a paper mill covering a six-year period (1999 to 2005) resulting in an aggregate award of $2,000,000. Later, the same class of plaintiffs brought another nuisance action against the same paper mill in state court for damages occurring after 2005, expressly disclaiming any recovery in excess of $4,999,999. The paper mill removed the case under CAFA. The district court granted the plaintiffs' motion to remand, stating that the defendant failed to show that the case met the jurisdictional threshold. After remand, the plaintiffs divided the class action into five separate cases covering distinct six-month time periods, limiting the total damages for each case to no more than $4,999,999. The insurer removed all five cases under CAFA. The district court again granted the plaintiffs' remand motion, but the Sixth Circuit reversed. The court explained,

> We recognize that plaintiffs can avoid removal under CAFA by limiting the damages they seek to amounts less than the CAFA thresholds. Generally, if a plaintiff does not desire to try his case in federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

551 F.3d at 409 (quoting *St. Paul Mercury Indemn. Co. v. Red Cab Co*., 303 U.S. 283, 294 (1938)). In reversing the district court's ruling, the Sixth Circuit expressly confined its ruling to the specific facts of that case:

> Our holding is limited to the situation where there is no colorable basis for dividing up the sought-for retrospective relief into separate time periods, other than to frustrate CAFA. . . . But where recovery is expanded, rather than limited, by virtue of splintering of lawsuits for no colorable reason, the total of such identical splintered lawsuits may be aggregated.

-8-

551 F.3d at 409.

Although neither *Smith* nor *Freeman* is directly on point with the instant case, one thing remains clear: the recognition by the Sixth Circuit in both cases that a class representative can avoid CAFA jurisdiction by expressly limiting the class members' damages.

Hartford argues that, on top of the established $9 million compensatory damage threshold, the Court should add punitive damages and attorney fees. However, prior to removal, McClendon expressly disclaimed "any combination of awards" greater than $5,000,000. Unlike the disclaimers in *Freeman*, McClendon has not divided the retrospective relief of the putative class into five separate cases for the sole purpose of avoiding federal CAFA jurisdiction. Rather, she has done what the Sixth Circuit says she has the right to do: limit the total potential damage award to less than $5,000,000 to litigate her case in state court. Because she disclaimed any combination of awards over $5,000,000 prior to removal, the Court concludes that Hartford lacked jurisdiction to remove the case.[3]

Hartford argues that the Court should ignore McClendon's disclaimer because it contradicts her effort to adequately represent the class. The Court notes in passing that Hartford, in its Motion to Dismiss, raises a colorable question whether McClendon has standing to bring her own OMBA claim, and whether she can adequately represent the putative class. If she has no standing to bring her own OMBA claim, she has no case at all. If she has standing but cannot fairly represent the class, the OMBA claim necessarily becomes a $40,000 case brought by an

---

[3]In any event, the record shows that Challenge is a defunct corporation, McClendon alleges that the total recovery to be gained from the combined sureties is $2.5 million, and neither Hartford nor Travelers disputes this number. If this is true, then even if the state court finds McClendon to be an adequate class representative and certifies the putative class, the total recoverable award appears to be the policy limits, or $ 2.5 million.

individual plaintiff that should be litigated in state court.  These are all questions the state court is perfectly capable of deciding, and it is generally more desirable for an Ohio court to interpret Ohio statutes.

In reaching its conclusion, the Court is mindful of the reasons underlying Congress' enactment of CAFA.  One was to prevent abuses of the class action device, including a concern that state and local courts were keeping cases of national importance out of federal court. *Freeman*, 551 F.3d at 407-08 (citing CAFA § 2(a)(4)(A)).  CAFA was considered necessary because the previous law enabled lawyers to keep nationwide or multi-state class actions in state courts where judges allegedly had reputations for readily certifying classes and approving settlements without regard to class members' interests.  *Id*. (quoting S. Rep. No. 109-14, at 4 (2005), reprinted in 2005 U.S.C.C.A.N. (151 Stat.) 3. (inner quotations omitted)).  That is not the case here, where McClendon is an Ohio citizen who purports to represent a class of Ohio citizens bringing claims under the Ohio Mortgage Brokers Act – and where the lawsuit may eventually involve Ohio insurance questions.

### III.

Based on the foregoing, and given that all doubts regarding removal jurisdiction should be resolved in favor of remand, the Court **GRANTS** Plaintiff's Motion (**Doc #: 12**).  Accordingly, the Court hereby directs the Clerk of Court to **REMAND** the case to state court.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     November 3, 2011*
**Dan Aaron Polster**
**United States District Judge**